**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

| | |
|---|---|
| Norlan Benavidez, Eden Antonio Tino Meneces, Marvel Jose Mendoza Perez, and Jorge Trochez,<br><br>Plaintiffs,<br><br>v.<br><br>Tri-State Plumbing & Heating, Inc. d/b/a Tri-State Plumbing, and Feng Quan,<br><br>Defendants. | DOCKET NO. _____<br><br>**COMPLAINT** |

Plaintiffs Norlan Benavidez, Eden Antonio Tino Meneces, Marvel Jose Mendoza Perez, and Jorge Trochez, by and through their undersigned attorneys, for their complaint against defendants Tri-State Plumbing & Heating, Inc. d/b/a Tri-State Plumbing, and Feng Quan, allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs Norlan Benavidez, Eden Antonio Tino Meneces, Marvel Jose Mendoza Perez, and Jorge Trochez former employees of defendants Tri-State Plumbing & Heating, Inc., and Feng Quan, pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 216(b), allege that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which he did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2. Plaintiffs further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage and (ii) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for the defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

**THE PARTIES**

3. Plaintiff Norlan Benavidez is an adult individual residing in Port Chester, New York.

4. Mr. Benavidez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5. Plaintiff Eden Antonio Tino Meneces is an adult individual residing in Jamaica, New York.

6. Mr. Meneces consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

7. Plaintiff Marvel Jose Mendoza Perez is an adult individual residing in Jamaica, New York.

8. Mr. Perez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff Jorge Trochez is an adult individual residing in Jamaica, New York.

10. Mr. Trochez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

11. Defendant Tri-State Plumbing & Heating, Inc., is a domestic business corporation organized under the laws of the State of Delaware (hereinafter referred to as "Tri-State Plumbing") with a registered corporate agent whose address is 3422 Old Capitol Trail, Suite 700, Wilmington, Delaware, 19808.

12. At all times relevant, Defendant Tri-State Plumbing owned and operated a plumbing & heating company in New York City, located at 33-70 Prince Street, Suite 706, Flushing, New York 11354.

13. At all relevant times, defendant Tri-State Plumbing was an employer engaged in interstate commerce and/or the

production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

14. At all relevant times, defendant Tri-State Plumbing has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15. Upon information and belief, at all relevant times, defendant Tri-State Plumbing has had gross revenues in excess of $500,000.00.

16. Upon information and belief, at all relevant times herein, defendant Tri-State Plumbing has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

17. Defendant Feng Quan is an owner or part owner and principal of Tri-State Plumbing, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

18. At all relevant times, Defendant Feng Quan was involved in the day-to-day operations of Tri-State Plumbing and played an active role in managing the business.

19. Defendant Feng Quan is an owner or part owner and principal of Tri-State Plumbing, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

20. At all relevant times, Defendant Feng Quan was involved in the day-to-day operations of Tri-State Plumbing and played an active role in managing the business.

21. Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

23. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

## FACTS

24. At all relevant times herein, the defendants owned and operated Tri-State Plumbing, a plumbing and heating business located in Flushing, New York.

25. Plaintiff Norlan Benavidez was employed at Tri-State Plumbing during two periods, first from approximately

August 2019 until March 2020, and again from August 2020 until February 2021.

26. Mr. Benavidez was employed by Defendants as a plumber.

27. Plaintiff Eden Antonio Tino Meneces was employed at Tri-State Plumbing from May 2021 until October 2021.

28. Mr. Meneces was employed by Defendants as an operator and mechanic.

29. Plaintiff Marvel Jose Mendoza Perez was employed at Tri-State Plumbing from August through December 2021.

30. Mr. Mendoza was employed by Defendants as a plumber's helper.

31. Plaintiff Jorge Trochez was employed at Tri-State Plumbing from July 2020 through April 2021.

32. Mr. Trochez was employed by Defendants as a sewer and water line service man.

33. Plaintiffs' work was performed in the normal course of defendants' business, was integrated into the business of the defendants, and did not involve executive or administrative responsibilities.

34. At all relevant times herein, Plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

35. During his employment by Defendants, Mr. Benavidez worked a regular schedule of five days per week, as follows: on Mondays and Tuesdays, from 6:30 a.m. until 9:30 p.m.; on on Wednesdays and Thursdays from 6:30 a.m. until 1:30 a.m., and on Fridays from 6:30 a.m. until 7:30 p.m., with Saturdays and Sundays off.

36. As a result, he typically worked approximately 81 hours per week during his employment by the defendants.

37. During his employment by Defendants, Mr. Benavidez also worked on approximately five Saturdays, from 7:00 a.m. until 6:00 p.m.

38. During the weeks when Mr. Benavidez worked on Saturdays, Mr. Benavidez worked approximately 92 hours per week.

39. When Mr. Benavidez was hired by Defendants in 2019, defendant Feng Quan told him that his hourly rate of pay would be $32 per hour, with overtime paid for hours worked after 3:30 p.m.

40. Mr. Benavidez was paid weekly, partly in cash and partly by check, with a paystub.

41. Each week, Mr. Benavidez was paid $300 in cash, and between $600-700 by check.

7

42. During their employment by Defendants, Plaintiffs Meneces and Perez and regularly worked five days per week, Monday through Friday, from approximately 7 a.m. to 7 p.m.

43. Consequently they each worked approximately sixty hours per week.

44. Sometimes they worked on Saturdays from 7 a.m. to 7 p.m., so that they each worked approximately 72 hours per week during the weeks they each worked on Saturday.

45. During his employment by Defendants, Mr. Trochez regularly worked five days per week as follows: Monday and Tuesday from 6:30 a.m. until 9:30 p.m.; Wednesday and Thursday from 6:30 a.m. until 1:30 a.m.; and Friday from 6:30 a.m. until 7:30 p.m.

46. Consequently Plaintiff Trochez typically worked 81 hours per week during his employment by Defendants.

47. Mr. Trochez also worked for Defendants on Saturday, from 7 a.m. until 6 p.m., during the period from August 2020 to February 2020.

48. Consequently during that period of his employment Mr. Trochez worked 92 hours per week.

49. From the beginning of his employment by Defendants until July 2021, Mr. Meneces was paid weekly at the rate of $30 per hour, in cash each Tuesday.

8

50. In July 2021, Mr. Meneces' rate of pay increased to $32 per hour.

51. During Mr. Perez's employment by Defendants he was paid weekly at the rate of $20 per hour, in cash each Tuesday.

52. During Mr. Trochez' employment by Defendants, he was paid weekly at the rate of $18 per hour, in cash each Tuesday.

53. During Plaintiffs' employment by Defendants, Defendants did not pay Plaintiffs for the time it took them to return to the shop at the end of the day after completing a job.

54. During Plaintiffs' employment by Defendants, Defendants did not pay Plaintiffs any overtime premium for hours worked in excess of 40 each week.

55. Defendants lowered Mr. Benavidez's hourly rate to $29, and then to $25 during his employment by Defendants.

56. At times during their employment by Defendants, Plaintiffs received the same amount of pay for a given work week for all hours worked each week, regardless of the exact number of hours worked in a given week.

57. As a result, at times Plaintiffs' effective rate of pay was below the statutory New York minimum wage in effect at relevant times.

58. Defendants' failure to pay Plaintiffs an amount at least equal to the New York minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

59. In addition, the defendants failed to pay Plaintiffs any overtime "bonus" for hours worked beyond forty hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

60. Defendants' failure to pay Plaintiffs the overtime bonus for overtime hours they each worked was willful, and lacked a good faith basis.

61. Defendants failed to provide Plaintiffs with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain each plaintiff's signature acknowledging the same, upon each plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

62. Defendants failed to provide Plaintiffs with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

63. Throughout the periods of Plaintiffs' employment, the defendants employed Plaintiffs in positions that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

64. Throughout Plaintiffs' employment by Defendants, Defendants applied these employment policies, practices, and procedures to Plaintiffs, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

65. Defendants have failed to pay the plaintiffs at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

66. While the defendants employed the plaintiffs, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

**(New York Labor Law – Minimum Wage)**

67. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

68. At all relevant times, Plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

69. Defendants willfully violated Plaintiffs' rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

70. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

71. Due to the defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT II

### (Fair Labor Standards Act - Overtime)

72. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

73. At all relevant times, the defendants employed Plaintiffs within the meaning of the FLSA.

74. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

75. As a result of defendants' willful failure to compensate their employees, including Plaintiffs, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

76. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

77. Due to the defendants' FLSA violations, Plaintiffs are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

78. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

79. At all relevant times, Plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

80. Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

81. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

82. Due to the defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

**(NEW YORK LABOR LAW – SPREAD OF HOURS)**

83. Plaintiffs repeat, reallege, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

84. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

85. Defendants willfully violated Plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

86. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

87. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

88. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

89. At all relevant times, Plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

90. Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

91. Defendants willfully violated Plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

92. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiffs are each entitled to recover from the defendants statutory damages of $250 per day, for each day of their employment by the defendants, up to the maximum statutory damages.

93. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices,

16

Plaintiffs are each entitled to recover from the defendants statutory damages of $50 per day for each day of theirs employment by the defendants, up to the maximum statutory damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

e. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, and overtime compensation pursuant to 29 U.S.C. § 216;

f. Liquidated damages for the defendants' New York Labor Law violations;

g. Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

h. Back pay;

i. Punitive damages;

j. An award of prejudgment and postjudgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated: June 27, 2022

                          /s/ Michael Samuel
                          Michael Samuel (MS 7997)
                          THE SAMUEL LAW FIRM
                          1441 Broadway
                          Suite 6085
                          New York, New York 10018
                          (212) 563-9884
                          *Attorneys for Plaintiffs*